AUSA:       Thomas Cribbins          Telephone:  (313) 226-9100

AO 91 (Rev. 11/11)  Criminal Complaint          Special Agent:       Joshua  Loy          Telephone:  (313) 202-3500

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>Calvin FUQUA | Case: 2:26−mj−30110<br>Assigned To : Unassigned<br>Assign. Date : 2/27/2026<br>Description: CMP USA V. FUQUA<br>(DJ) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 20, 2026 _____ in the county of _____ Washtenaw _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) and § 924(e) | Possession of a Firearm by a Convicted Felon After Three Convictions for Serious Drug Offenses (Armed Career Criminal) |
| 21 U.S.C. § 841(a)(1) | Possession of a Controlled Substance with Intent to Distribute |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshua Loy, Special Agent (ATF)
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:      February 27, 2026

_____
*Judge's signature*

City and state:  Detroit, Michigan          Hon. Kimberly G. Altman, United States Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Joshua Loy, being duly sworn, do hereby state the following:

## I.   INTRODUCTION

1.   I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since June 2018. I am currently assigned to the Ann Arbor Field Office, Detroit Field Division, where I am tasked with investigating violations of firearms and controlled substance laws. I have conducted numerous investigations involving violations of federal firearms and drug laws, which have resulted in the seizure of firearms and narcotics. In addition, I have graduated from the Federal Law Enforcement Training Center and the ATF Special Agent Basic Training.

2.   The statements contained in this affidavit are based on my review of written police reports from the Washtenaw County Sheriff's Office (WCSO), information provided to me by and/or through other law enforcement agents, investigators, and individuals with knowledge of this matter, and my own investigation. This affidavit summarizes such information, but it does not provide every fact, known to law enforcement, regarding this investigation. The affidavit merely provides

1

probable cause that Calvin FUQUA (xx/xx/xx69) has violated 18 U.S.C.

§ 922(g)(1) and § 924(e) – Possession of a Firearm by a Convicted Felon

after three convictions for serious drug offenses (Armed Career

Criminal), and 21 U.S.C. § 841(a)(1) - Possession of a Controlled

Substance with Intent to Distribute.

    3.    FUQUA's criminal history is as follows:

        a.    Felony Controlled Substance – Delivery/Manufacture (cocaine, heroin, or another narcotic) less than 50 grams, 22nd Circuit Court, Washtenaw County, Michigan, judgment entered on or about May 11, 1989;

        b.    Felony Weapons – Carrying Concealed, 22nd Circuit Court, Washtenaw County, Michigan, judgment entered on or about September 30, 1993;

        c.    Felony Controlled Substance – Delivery/Manufacture (cocaine, heroin, or another narcotic) less than 50 grams, 22nd Circuit Court, Washtenaw County, Michigan, judgment entered on or about July 24, 1997;

        d.    Felony Weapons – Carrying Concealed, and Felony Firearms – Possession by Felon, 22nd Circuit Court, Washtenaw County, Michigan, judgment entered on or about July 24, 1997;

        e.    Felony Controlled Substance – Delivery/Manufacture (cocaine, heroin, or another narcotic) less than 50 grams (2 counts), 22nd Circuit Court, Washtenaw County, Michigan, judgment entered on or about November 4, 2003; and

        f.    Possession of a Stolen Firearm, U.S. District Court for the Eastern District of Michigan, judgment entered on

2

or about December 19, 2012 (FUQUA was sentenced to 10 years' imprisonment with 3 years of supervised release).

## II.    PROBABLE CAUSE

4.    On February 20, 2026, members of the Washtenaw County Sheriff's Office responded to a call for service in the area of E Forest Ave. and Campbell Ave. in Ypsilanti Township, Michigan for an individual who was believed to be intoxicated and had fallen on a bus.

5.    As the individual (later identified as Calvin FUQUA (XX/XX/XX69) was being escorted off the bus by deputies and medical personnel, a WCSO Deputy observed an empty magazine well of a firearm protruding from FUQUA's right jacket pocket.

6.    The WCSO Deputy removed the firearm, a Smith & Wesson, M&P Shield, 9mm semiautomatic pistol, bearing S/N: RHB 3633, from FUQUA and rendered it safe.

7.    The picture below, taken from the Deputy's body-worn camera, depicts the firearm visible in FUQUA's right jacket pocket. As noted above, the handle of the pistol is visible, with a hollow center because a magazine was not inserted into the firearm.

3



8.      Additionally, the firearm did not have ammunition in the chamber, no magazine was recovered, and no other ammunition was recovered.

9.      The picture below shows the Smith & Wesson firearm after it was recovered from FUQUA's right jacket pocket.



10. FUQUA was subsequently searched, and approximately 47.06 gross grams of suspected crack cocaine were located and seized from his left pants pocket.

11. Preliminary "TruNARC" testing indicates that the substance tested positive for cocaine base, commonly known as crack cocaine. Pictured below is the recovered crack cocaine:

5



12.     The suspected crack cocaine was packaged in one large bag, then further divided into three medium-sized bags. Each medium-sized bag contained multiple small bags, each containing suspected crack cocaine.

13.     From my training and experience, I know that the possession of 47.06 gross grams of crack cocaine is consistent with an individual engaged in the distribution of illegal narcotics and not personal use.

14.     Additionally, from my training and experience, I know that dealers of illegal narcotics often prepackage the illegal narcotics into personal use amounts before selling them.

15.   Both the large quantity of crack cocaine, 47.06 gross grams, and the characteristics of the packaging of the crack cocaine indicate that FUQUA possessed the crack cocaine with the intent to distribute the smaller packages of crack cocaine for retail sale.

16.   I conferred with ATF S/A Hurt, an Interstate Nexus Firearms expert, who indicated that the Smith & Wesson handgun was not manufactured in the State of Michigan. Therefore, the firearm travelled in and affected interstate commerce.

17.   Based on my training and experience, when an individual pleads guilty to a felony, they are advised by the court and counsel as to their maximum penalties and, if the court accepts the plea, they will be adjudicated a convicted felon. Therefore, probable cause exists that FUQUA knew he was convicted of a crime punishable by more than one year when he possessed the firearm on February 20, 2026. FUQUA was, in fact, sentenced to ten years in prison by this Court in 2012, providing probable cause that he knew he was convicted of a crime punishable by more than one year.

## III.   CONCLUSION

18.   Based upon the above information, I believe there is probable cause FUQUA violated the aforementioned federal statutes, Felon in Possession of a Firearm after three convictions for serious drug offenses (Armed Career Criminal),  in violation of 18 U.S.C. § 922(g)(1) and § 924(e), and Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). This violation occurred in the Eastern District of Michigan.

Respectfully submitted,

_____
Joshua Loy, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my presence
And/or by reliable electronic means

_____
HON. KIMBERLY G. ALTMAN
United States Magistrate Judge

Dated:   February 27, 2026

8